TROUT ET AL. *v.* DRAWHORN.

JUSTICE OF THE PEACE.—*Relationship of to Parties.—Jurisdiction.—Marriage.* —The fact, that a deceased former wife of a party to an action pending before a justice of the peace was the aunt of the wife of such justice, does not deprive the latter of jurisdiction of the cause, whether there be issue of such marriage alive or not.

SAME.—*Affinity.*—Relationship by affinity ceases with the dissolution of the marriage creating it, except so far as the children of such marriage are concerned.

From the Boone Circuit Court.

*Clements & Wills*, for appellants.

WORDEN, J.—Drawhorn brought this action against Trout and Swails, for trespass in taking and carrying away a buggy.

Issue; trial by the court; finding and judgment for the plaintiff.

Motion for a new trial overruled, and exception.

On the trial, it appeared, that Trout was a justice of the peace, and that Swails brought an action against Drawhorn, before said Trout, as such justice, on a promissory note, and that such proceedings were had as that Swails recovered a judgment against Drawhorn, before such justice, by default; that an execution, duly issued upon the judgment, was levied upon the buggy, which was duly sold thereon; and this was the trespass complained of.

We see no objection to the judgment, in respect to the

jurisdiction of the justice over the parties or the subject-matter, or otherwise, unless it be found in the following statement of the relationship of the parties:

Lewis Drawhorn testified, upon the trial, as follows:

"I am the plaintiff in this cause, and was defendant in the case of *Josiah Swails* v. *Lewis Drawhorn*, before William W. Trout, a justice of the peace in and for Worth township, Boone county, Indiana. William W. Trout, the said justice of the peace and one of the defendants herein, rendered a judgment, on the 2d day of June, 1874, in favor of the said Swails, one of the defendants herein, and against me as defendant, upon default, for the sum of thirty-five dollars. My first wife was a sister of the father of the wife of the said William W. Trout. I had six children by my first wife, who was an aunt of said Trout's wife, all of whom are living at this time."

It appears, by further evidence, that the plaintiff's first wife died a considerable time before the commencement of the action before Justice Trout.

The plaintiff, by bringing this action for the alleged trespass, has treated the judgment before the justice as a nullity, upon the ground, as we suppose, of the relationship supposed to have existed between him and the justice.

The statute provides, that "No justice shall have jurisdiction in any action   *   *.   wherein   *   *   the justice be related by blood or marriage to either party." 2 R. S. 1876, p. 605, sec. 10.

There does not appear to have been any consanguinity between the plaintiff and Justice Trout. Whatever relationship there had ever been between them was the affinity brought about by marriage. The plaintiff's first wife was a sister of the father of Trout's wife. But the plaintiff's first wife was dead when the action was brought before the justice of the peace. At that time, therefore, the justice was not related to the plaintiff, either by blood or marriage. There was at that time no marriage exist-

ing between the plaintiff and any one related in any manner to the justice. Relationship by affinity ceases with the dissolution of the marriage which created it. *Blodget* v. *Brinsmaid*, 9 Vt. 27.

In 1 Bishop Marriage & Divorce, sec. 314, it is said, that, "In causes other than matrimonial it is held, that relationship by affinity ceases on the dissolution by death or otherwise of the marriage which created it, except as to the children of the marriage."

See cases cited in note 7 to the section.

The fact that the plaintiff had children by his first wife, living, is of no importance in the case. Their existence did not continue the relationship which had existed between the justice and the plaintiff before the death of his first wife.

There was nothing shown in the case which rendered the judgment of the justice invalid, and a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded for a new trial.